IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **WILLIAM ALLEN PAYNE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. SA:22-CV-0049 |
| | § | |
| **TNT CRANE & RIGGING, INC.** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff William Allen Payne ("Plaintiff") brings this suit against the above-named Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended. Plaintiff shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant TNT Crane & Rigging, Inc. ("Defendant") has violated the FLSA by failing to pay its crane operators, including Plaintiff, in accordance with the guarantees and protections of the FLSA. Defendant has refused to pay its crane operators at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek. It has done so by

knowingly permitting its crane operators to engage in compensable travel time and compensable preparatory and concluding work but nevertheless intentionally refusing to pay those crane operators for all of that travel time or preparatory and concluding work.

## II. PARTIES

3. Plaintiff William Allen Payne is an individual who resides in Atascosa County, Texas. He has consented to be a party-plaintiff in this action. His consent form is attached as Exhibit A.

4. Defendant TNT Crane & Rigging, Inc. is a Texas for-profit corporation that is authorized to do business in Texas and that is doing business in Texas. Defendant maintains its principal office in Houston, Texas, and can be served with process by service on its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

6. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas. A substantial part of the events forming the basis of this suit occurred in and around Bexar County, Texas, which is in this District and Division. Plaintiff Payne was an employee of Defendant, and he has performed work for Defendant, in Bexar County, Texas. At all relevant times, Defendant has maintained a business location in Guadalupe County, Texas. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant

thus resides in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391.

## IV. COVERAGE UNDER THE FLSA

7. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Plaintiff was an "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

9. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. In the performance of his work, Plaintiff handled tools, equipment, and other materials that were manufactured outside of the State of Texas, including, for example, cranes and rigging equipment.

12. At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207.

## V. FACTUAL ALLEGATIONS

13.     Defendant is a crane and rigging company that provides services throughout North America, including the United States.  It provides lifting services across Texas, including in and around Bexar County, Texas. Defendant is one of the largest crane operators in the world and has employed dozens of crane operators out of its San Antonio, Texas yard alone.

14.     Plaintiff Payne was employed by Defendant from approximately 2007 until approximately October 2016. Plaintiff Payne was an opt-in plaintiff in *Repass, et al. v. TNT Crane and Rigging, Inc.*, No. MO:18-CV-00107-DC/RCG. He filed his consent to join the *Repass* case on July 11, 2018. *Repass*, No. MO:18-CV-00107-DC/RCG, Dkt. 13-1. The court in *Repass* granted Defendant TNT's motion to decertify the conditionally certified collective action on January 10, 2022. *Id.*, Dkt. 188. The Repass court has separately stated that the effect of the decertification order was to dismiss the opt-in plaintiffs' claims, including Plaintiff Payne's claim, without prejudice. *Id.*, Dkts. 190, 191.

15.     While employed by TNT, Plaintiff Payne worked for Defendant as a crane operator at Defendant's worksites throughout Texas, including in and around Bexar County, Texas.

16.     For all times relevant to this action, the Plaintiff's primary job duty for the Defendant has been the performance of manual, non-management work. Plaintiff spent most of his time performing manual tasks outside at oilfield or construction jobsites, such as (1) rigging up and rigging down cranes; (2) inspecting Defendant's cranes, (3) servicing Defendant's cranes; (4) completing Job Safety Analyses (JSAs); and (5) operating Defendant's cranes.

17.     The job description and job duties of the crane operators was and is essentially the same.

18.     Defendant paid Plaintiff an hourly wage plus a per diem on particular jobs.

19.     Plaintiff typically work no fewer than 50 hours, and often as many as 80 or more hours, per week.

20. However, Defendant did not pay Plaintiff at all for substantial amounts of time spent on compensable preparatory and concluding tasks and compensable travel.

21. Plaintiff was required to perform various compensable preparatory and concluding tasks away from his jobsites, including but not limited to obtaining and loading fuel, diesel exhaust fluid (DEF), lubricants, water, ice, and other items onto his vehicles before driving to his jobsites or after returning from his jobsites. Plaintiff sometimes obtained these items from Defendant's yard and sometimes obtained them from stores or gas stations. In addition, Plaintiff was often required to pick up and drop off riggers at one of Defendant's yards or another designated location.

22. Plaintiff frequently started or ended his workday when he obtained these materials or picked up or dropped off riggers.

23. Obtaining and loading these materials and picking up and dropping off riggers was integral and indispensable to the performance of the Plaintiff's primary job duty for the Defendant— operating its cranes. Without these materials and the riggers, Plaintiff could not have safely and effectively performed his work for Defendant.

24. After performing preparatory work and picking up the riggers, Plaintiff drove himself and the riggers to their jobsites. The drives to the jobsites would often take up to 2 hours or more.

25. Defendant often provided vehicles for Plaintiff to drive to and from the jobsites. For example, Defendant provided Plaintiff with a Ford F250.

26. Plaintiff used the vehicle that Defendant provided to transport himself, the riggers, fuel, DEF, rigging, lubricant, paperwork, water, and other supplies that were necessary to perform his work to his jobsites.

27. Defendant maintained and followed policies and practices under which it refused to pay crane operators for much of their time traveling to and from their jobsites depending on certain

circumstances such as whether Defendant's customers paid for the travel time or whether the crane operators opted to receive a higher *per diem* amount.

28. Defendant followed the policies and practices described above without regard to whether the crane operators, including Plaintiff, had performed compensable preparatory tasks before traveling to their jobsites or compensable concluding tasks after returning from their jobsites.

29. However, Defendant did compensate the Plaintiff for the time he spent traveling in the Defendant's cranes or haul trucks. Most of the time that Plaintiff spent traveling for Defendant, however, was in the pickup trucks that Defendant provided.

30. As a result, Defendant refused to pay Plaintiff on many occasions for compensable work time traveling and performing preparatory and concluding tasks. Plaintiff performed this off-the-clock work in many weeks in which he worked more than 40 hours, resulting in unpaid overtime.

31. In addition, Defendant reduced or removed compensable time from the Plaintiff's time sheets without the Plaintiff's consent. Among the time that Defendant removed from the Plaintiff's time sheets was the compensable travel time discussed above.

32. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Plaintiff.

## VI. CAUSE OF ACTION: FLSA

33. During the relevant period, Defendant violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing the Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating him for all of his work in excess of forty hours per week at rates no less than one-and-one-half times the regular rates for which he was employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with applicable law.

## VII. PRAYER FOR RELIEF

For the foregoing reasons, the Plaintiff prays for judgment against Defendant as follows:

a.  For an Order under Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.  For an Order awarding Plaintiff the taxable costs and allowable expenses of this action;

c.  For an Order awarding Plaintiff attorneys' fees; and

d.  For an Order awarding Plaintiff post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

f.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

**MORELAND VERRETT, P.C.**


By: */s/Edmond Moreland*
    Edmond S. Moreland, Jr.
    State Bar No. 24002644
    edmond@morelandlaw.com
    Daniel A. Verrett
    State Bar No. 24075220
    daniel@morelandlaw.com
    700 West Summit Drive
    Wimberley, Texas 78676
    Ph: (512) 782-0567
    Fax: (512) 782-0605


    Aaron Johnson
    State Bar No. 24056961
    ajohnson@fairlaborlaw.com
    **FAIR LABOR LAW**
    314 E. Highland Mall Blvd, Ste. 401
    Austin, Texas 78752
    Ph: (512) 277-3505
    Ph: (512) 277-3254


    **ATTORNEY FOR PLAINTIFF**