UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WILLIAM ALLEN PAYNE,**

  *Plaintiff*,

v.                                                    Case No.  SA-22-CV-00049-JKP

**TNT CRANE & RIGGING, INC.,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant TNT Crane & Rigging's Motion for Partial Summary Judgement. *ECF Nos. 19,24,28*. Plaintiff William Payne responded. *ECF Nos. 23,27*. Upon consideration, the Motion is **DENIED**.

### Factual and Procedural Background

Payne was an opt-in Plaintiff in a related matter, *Repass v. TNT Crane & Rigging Inc.*, No. 7:18-CV-00107, filed in the Midland Division of the Western District of Texas before Judge David Counts. *ECF No. 163, 15*. After Judge Counts decertified *Repass* as a collective action, several opt-in plaintiffs employed in TNT's Midland-based operation re-filed their individual cases in the Midland/Odessa Division. Payne, who was employed in TNT's San Antonio operation, re-filed the present case asserting a cause of action for violation of the Fair Labor Standards Act (FLSA). All these cases involve the same factual allegations supporting the same cause of action.

Payne, a crane operator, was an hourly employee of TNT from 2007 to 2016. Payne alleges he was not paid for his time spent traveling to job sites while in his company vehicle and performing required preparatory and concluding tasks. These tasks included obtaining and loading fuel, diesel exhaust fluid (DEF), lubricants, water, ice, and other items onto his company-provided vehicle before driving up to two hours to his jobsites and upon returning from his jobsites. In addition, Payne alleges he was required to pick up and drop off other employees, called riggers, whom TNT or its customers required on certain jobs. TNT did not assign the riggers company vehicles, and they were not allowed to drive to the jobsites in their personal vehicles, so TNT required Payne to transport the riggers in his company vehicle. Payne alleges these tasks were "integral and indispensable" to his job duties of operating TNT's cranes, and therefore, he should have been compensated for the travel time to and from the jobsites in the company provided vehicle and for the time spent performing the preparatory and concluding tasks.

Payne asserts one cause of action, violation of the FLSA. TNT now seeks partial summary judgment of this cause of action based upon a portion of the allegations supporting it.

## Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).


475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party

opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Discussion**

First, TNT seeks partial summary judgment on the supporting factual allegations of travel time arising out of Payne's purchase of ice and water for personal use at work. TNT argues there is no genuine issue of material fact whether Payne's purchase of water and ice primarily benefited him, not TNT. Therefore, time spent buying ice and water does not constitute work under the FLSA as a matter of law. TNT argues even if those purchases could be considered work under the FLSA, the time still would not be compensable because buying ice and water is not integral and indispensable to Payne's primary duties as a crane operator. TNT contends the summary

judgment evidence clearly shows Payne chose to stop for water and ice during his commutes as a matter of personal preference.

Second, TNT contends it is entitled to partial summary judgment as to Payne's claim for compensation for stops to buy supplies, to top off his "drag tank" with diesel fuel, or to pick up riggers for ridesharing because no genuine issue of material fact exists whether these tasks were integral and indispensable parts of his job as a crane operator. Because they were undisputedly were not integral and necessary to perform his job function, TNT contends it is entitled to judgment as a matter of law. TNT contends even if the tasks were necessary or required by TNT, "those facts do not render the time compensable or convert his commutes to compensable work under the FLSA."

TNT provides extensive factual background and argument in support of its contentions that it is entitled to partial summary judgment based upon these factual claims. TNT cites to caselaw in support of its arguments; however, it cites to no caselaw that holds it is entitled to summary judgment on these factual allegations as a matter of law.

In the two identical cases litigated in the Midland Division before Judge Counts, TNT filed similar Motions for Partial Summary Judgment supported by the same arguments presented here. Judge Counts denied the Motion in *Coates, et al. v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00018-DC, 2022 WL 18034361 (W.D. Tex. Dec. 20, 2022), stating, "the Court is not convinced that Defendant has met its burden of establishing that there is no genuine issue of material fact on Plaintiffs' claims." *Id*. at *2. In doing so, Judge Counts concluded genuine issues of material fact precluded summary judgment on the same issues on which TNT again seeks partial summary judgment here. *See id.* Moreover, upon completion of a jury trial in *Coates*, the jury

returned a verdict in favor of the Plaintiffs finding TNT violated the FLSA through the same policies and practices at issue here. *See id.* at ECF No. 78.

In *Kramer, et al. v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00016-DC, TNT presented the same arguments based upon the same facts in support of a Motion for Partial Summary Judgment. *See id.* at ECF No. 27. Judge Counts denied that Motion, stating, "[t]he Court recently handled summary judgment in an almost identical case (same counsel, same claims, same Defendant, different plaintiffs). What's more, Defendant moved for summary judgment on the same grounds there as it does here. But the Court denied Defendant's motion after carefully considering the record and arguments presented…." *See id.* at ECF No. 34.

This Court follows Judge Counts's reasoning and conclusion and **DENIES** TNT's Motion for Partial Summary Judgment.

It is so ORDERED.
SIGNED this 19th day of April, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE